IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 07-cr-614-2 |
| v. ) | |
| ) | Judge Joan B. Gottschall |
| Mario Reeves. ) | |

## MEMORANDUM OPINION AND ORDER

Mario Reeves moves under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), to reduce his 25-year sentence for charges stemming from his participation in a heroin distribution operation. ECF No. 929; *see also* Superseding Indictment, ECF No. 336; *United States v. Reeves*, 695 F.3d 637 (7th Cir. 2012) (affirming jury verdict and sentence). This court sentenced Reeves in 2011 based on a 20-year statutory mandatory minimum. ECF No. 760. Reeves's mandatory minimum increased from 10 to 20 years because the court found that his 2004 convictions in Illinois state court for possession and delivery of cocaine qualified as "felony drug offenses" under 21 U.S.C. § 841(b)(1)(E)(ii). He filed his compassionate release motion in 2021. By way of background, Reeves also has a pending amended 28 U.S.C. § 2255 motion to vacate, correct, or set aside his sentence.

The compassionate release statute permits the court to reduce a defendant's sentence in specified circumstances for "extraordinary and compelling reasons." § 3582(c)(1)(A)(i). To obtain compassionate release, Reeves must first "identify an 'extraordinary and compelling' reason warranting a sentencing reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1363 (2022). If the moving party identifies such a reason, this court proceeds to "the second step of the analysis . . . [and] consider[s] any applicable sentencing factors in [18 U.S.C.] § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

Reeves cited the following extraordinary and compelling reasons in his motion: "the erroneous 18 U.S.C. § 851 mandatory-minimum enhancement that materially affected his sentence; the significant percentage of his sentence served, during which he has been a model inmate with minimal disciplinary infractions; his extensive familial and community support; the ongoing COVID-19 pandemic; and all other equitable factors." Mot. for Compassionate Release 1, ECF No. 929; *see also id*. at 5 n.4; Reply 7–8, ECF No. 936. As support for his argument that he received an erroneous § 851 enhancement, Reeves directed the court to his amended § 2255 motion. *See* Mot. for Compassionate Release 1.

Because Reeves's reasons for seeking a sentence reduction included the potential effects of COVID-19 on his health, this court provided the parties with an opportunity to brief *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), shortly after it was decided. *See* order at 1, Aug. 2, 2021, ECF No. 939. In *Broadfield*, the Seventh Circuit held in July 2021 that "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release. The Bureau of Prisons offers vaccination to all federal prisoners." *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (discussing *Broadfield*; citation omitted).

On March 2, 2022, the Seventh Circuit noted that *Broadfield* "was handed down before Omicron became the dominant variant in this country (with an increase in breakthrough infections among the fully vaccinated)." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (per curiam). These "[r]ecent events," which exemplify how quickly the pandemic and prison conditions continue to evolve, "underscore the need for a district court's opinion to leave [the court of appeals] assured that it considered the applicant's individualized arguments and evidence." *Id*. (citing *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021)). Reeves's

2

supplemental medical records and briefing predate the rise of the Omicron variant, and Reeves has developed no argument or evidence concerning his susceptibility to a breakthrough infection.

In his supplemental briefing, Reeves asserts that "the health risks associated with contracting COVID-19 are not [his] primary argument for granting relief." ECF No. 940 at 2. Instead, Reeves's "central argument is that his sentence was erroneously enhanced based on a mandatory minimum that was twice what it should have been in light of subsequent changes in the law" discussed in his amended § 2255 motion. *Id.*

Insofar as Reeves continues to rely on the risks to his health if he contracts COVID-19, he states that he has chronic bronchitis, which the Centers for Disease Control (CDC) identifies as a risk factor for complications of COVID-19.[1] Mot. for Compassionate Release 5 n.4. Reeves was treated for acute influenza in 2008, 2011, and 2016. *See* ECF No. 944 at 26. However, the court has located nothing in Reeves's medical records confirming a chronic bronchitis diagnosis.[2]

Reeves's supplemental medical records show that on April 6, 2021, he refused, for unspecified reasons, a COVID-19 vaccine offered by the Federal Bureau of Prisons. *See* ECF No. 944 at 30, 41 (filed under seal Aug. 30, 2021). Reeves represented in his reply brief filed in May 2021 that he intended to become vaccinated, but the record does not disclose whether he

---

1 Specifically, the CDC website contains a list of "chronic lung diseases" that "can make you more likely to get very sick from COVID-19." *Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 13, 2022). This list includes "chronic obstructive pulmonary disease (COPD), including emphysema and chronic bronchitis." *Id.* As of May 12, 2022, the Federal Bureau of Prisons reports that no inmates or staff are positive for COVID-19 at the facility where Reeves is housed, FCI Yazoo City Medium. *COVID-19 Cases*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last visited May 13, 2022).

2 Reeves represents in a footnote to his compassionate release motion that he has been diagnosed with chronic bronchitis. The text of the motion appears contradictory: "[A]lthough [Reeves] has no known chronic conditions, exposure to COVID-19 while incarcerated remains a significant threat to his health and safety." ECF No. 929 at 5.

has done so. *See* Reply 7–8. Reeves does not argue–and nothing in the medical records filed with the court suggests–that he is medically ineligible to be vaccinated or that any chronic bronchitis he has presents an unacceptable health risk if he experiences a breakthrough COVID-19 infection. *See Rucker*, 27 F.4th at 563; *Ugbah*, 4 F.4th at 597. On this record, and given Reeves's representation that he intends to obtain a COVID-19 vaccine, this court, consistent with *Broadfield*, finds that Reeves has not demonstrated an extraordinary and compelling reason for compassionate release to the extent he continues to base his motion on his risk of exposure to COVID-19.

Reeves's primary argument for compassionate release[3] is that his 2004 Illinois convictions no longer qualify as "felony drug offenses" in light of *Mathis v. United States*, 579 U.S. 500 (2016). *See* Def.'s Suppl. Br. 4; Mot. for Compassionate Release 7–12. In its most recent opinion on Reeves's amended § 2255 motion, this court stated that resolving Reeves's *Mathis* claim appears to require a "straightforward application" of *Mathis* and the Seventh Circuit's analysis of Illinois's cocaine possession statutes in *United States v. Ruth*, 966 F.3d 642, 646 (7th Cir. 2020). *United States v. Reeves*, 2022 WL 1085198, at *5 (N.D. Ill. Apr. 11, 2022). The court did not reach Reeves's *Mathis* claim, however, because the government contended, and the court agreed, that the claim was untimely in his § 2255 proceeding. *See id*. at *5–6. Reeves argued for equitable tolling of the limitations period, but the evidence he presented fell "well short of showing that he diligently pursued his claims" such that equitable tolling was appropriate. *See id.* at *6–7 (quotation at *7). This court provided Reeves

---

3   Reeves also points to evidence of his rehabilitation since this court sentenced him and of his ties to his family and community. *See* Mot. for Compassionate Release 21–25. Reeves asks the court to consider this evidence at the second step of the compassionate release analysis when weighing the 18 U.S.C. § 3553 sentencing factors. *See id.* at 21. Since Reeves has not identified an extraordinary and compelling reason at the first step of the analysis, the court need not proceed to the second step and weigh the § 3553 factors. *See Thacker*, 4 F.4th at 576.

with an opportunity to present additional evidence supporting his request for equitable tolling. *Id.* at *8.

In *United States v. Martin*, the Seventh Circuit ruled that a prisoner "cannot use a motion for compassionate release to challenge a potential error . . . in his sentence," reasoning that to allow such a challenge "would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." 21 F.4th 944, 946 (7th Cir. 2021) (per curiam) (citing *Thacker*, 4 F.4th at 574). Reeves is actively litigating his *Mathis* claim and equitable tolling in his § 2255 proceeding. Indeed, Reeves recently obtained an extension of his deadline to present supplemental evidence and argument based on a representation that he was attempting to hire new counsel. *See* Mot. for Extension of Time 2, *United States v. Reeves*, No. 14-cv-1588 (N.D. Ill. May 10, 2022), ECF No. 41. *Martin*'s reasoning therefore applies: Reeves cannot use his compassionate release motion to litigate an issue that is pending in his § 2255 proceeding.[4] *United States v. Carr*,

---

4 A circuit split has emerged over whether, and in what circumstances, non-retroactive changes affecting the defendant's sentence may be considered when deciding whether an extraordinary and compelling reason exists under § 3582(c)(1)(A)(i). *See United States v. Ruvalcaba*, 26 F.4th 14, 24–28 (1st Cir. 2022) (discussing the split, collecting cases, and holding that "a district court may consider the [First Step Act of 2018]'s prospective amendments to sentencing law as part of the 'extraordinary and compelling' calculus"). The Seventh Circuit weighed partially into this split in *Thacker*, holding that, at the first step of the compassionate release analysis, the extraordinary and compelling reasons for a sentence reduction "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to [18 U.S.C.] § 924(c)." 4 F.4th at 576. The court in *Thacker* expressly framed its holding in terms of the particular provisions of the First Step Act at issue. *See id.* at 574, 576 (discussing congressional intent as expressed in the text of the First Step Act). *Martin* augments the circuit split by holding that arguments raised or raisable on direct appeal or on habeas are inappropriate bases for a finding of extraordinary and compelling circumstances. The parties have not briefed whether *Thacker*'s reasoning extends to Reeves's *Mathis*-based argument or whether Reeves would be able to pursue compassionate release if he is unsuccessful in his § 2255 proceeding. The court need not resolve either question at this juncture because *Martin* precludes Reeves from seeking compassionate release while he is actively litigating his pending § 2255 proceeding.

2022 WL 1421441, at *1 (7th Cir. May 5, 2022) (unpublished).  The court implies no view on the availability of compassionate release if Reeves is unsuccessful in his § 2255 proceeding.

For the reasons stated, Reeves's motion for compassionate release, ECF No. 929, is denied without prejudice on the current record because Reeves has not identified a cognizable extraordinary and compelling reason warranting compassionate release.

Dated:  May 18, 2022                                                /s/
                                                                                         Joan B. Gottschall
                                                                                         United States District Judge